# Hershey v. Johns, Appellant.

*Affidavit of defense—Practice, C. P.—Goods sold and delivered—Parol evidence—Written instrument.*

In an action to recover the price of an engine sold under a written contract, an affidavit of defense is insufficient which avers that prior to the written contract the plaintiff made certain representations as to the capacity of the engine which representations turned out to be untrue, if there is no averment that the representations were omitted in the writing through fraud, accident or mistake and no averment that the engine delivered was a different one from that mentioned in the contract, or that the plaintiff failed to comply with the terms of the contract.

Argued March 9, 1909. Appeal, No. 20, March T., 1909, by defendant, from order of C. P. York Co., Oct. T., 1908, No. 29, discharging rule to open judgment in case of Charles W. Hershey v. S. L. Johns. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to open judgment.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule to open judgment.

*McClean Stock*, for appellant.

*C. E. Ehrehart* and *Chas. A. Hawkins*, for appellee.

OPINION BY BEAVER, J., July 14, 1909:

The defendant, by his petition in the court below, asked to have a judgment, entered against him by default for want of a sufficient affidavit of defense, opened, so as to let him into a defense, on the ground that, through the inadvertence of his attorney, he had not been notified of the time when an affidavit of defense was necessary, and that none was, therefore, prepared and entered. Accompanying the petition, however, was the affidavit of defense which the defendant could make and would offer as the ground for preventing judgment, if the

judgment were opened. The court below, in the opinion refusing the prayer of the petitioner, says: "To the end that no injustice shall be done the defendant, by reason of the facts shown the court, we feel it incumbent upon us to grant the relief prayed for, the opening of the judgment and the allowance of the filing of the affidavit of defense, if it sets forth a legal defense to the whole or part of the plaintiff's demand. A careful reading and consideration of the affidavit satisfies us that it does not set out a legal defense." It was for this reason that the rule to show cause why the judgment should not be opened was discharged at the costs of the defendant. The sufficiency of the proposed affidavit of defense, therefore, is the question considered by the appellant in his argument and the only question necessary to be considered by us.

The plaintiff sold to the defendant, upon a written order, as set forth in the copy of the contract filed with the statement of claim, "One (1) No. 16–20 H. P. gasoline engine, with cut under truck, with brake & dynamo & dry cell battery & other regular equipment. Price $500 & Second Hand 14 H. P. Stationary Dissinger Bros. gasoline engine. Terms cash in 30 days." There is no denial of the fact that the plaintiff delivered to the defendant the engine described in this order.

The affidavit of defense sets forth an alleged conversation between the plaintiff and the defendant, in which the plaintiff represented to the defendant that the engine would be able to do certain work, in the affidavit fully set forth, and that, after its delivery and a thorough trial and numerous tests were made, it could not generate the power necessary to run the machinery and do the work as represented. It is admitted in the affidavit of defense that the written contract followed, in point of time not definitely stated, but clearly they were not contemporaneous, the agreements or representations which were not included therein and made part thereof.

It is not averred that the verbal representations were omitted through fraud, accident or mistake. They were not contemporaneous, being made some time in September, 1906, the written order for the engine being dated October 1, 1906, admittedly the day on which it was signed. We cannot see, therefore, that

the defendant could be allowed, in the event of a trial, to give in evidence these representations which are a practical contradiction of the written agreement.

In the absence of a denial that the plaintiff delivered precisely what he agreed to deliver to the defendant, and an averment that the engine which he delivered was a different one from that which he agreed to deliver, and that the plaintiff failed to comply with the terms of the written order of the defendant for the No. 16–20 H. P. engine, as described, we are of opinion that the affidavit, under the well-settled rules of construction of written agreements, as laid down in many cases, was insufficient, and that the rule to show cause why the judgment should not be opened was, for that reason, properly discharged.

Decree affirmed and appeal dismissed at the costs of the appellant.